UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>BRENDA BLADOW as President of Pukalani Salon and Day Spas, Inc.,<br><br>Respondent. | Case No. 12cv0341 BTM (WVG)<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SUMMONS |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Respondent Brenda Bladow as President of Pukalani Salon and Days Spas, Inc. ("Respondent"). On February 24, 2012, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On March 5, 2012, the IRS personally served a copy of the order to show cause, the Government's petition to enforce and supporting declaration upon Respondent. Respondent did not file a written response to the order to show cause.

The hearing was held on the Government's petition on April 20, 2012, at 2:00 p.m. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summons is granted.

## BACKGROUND

On August 8, 2011, Robert Strickle, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer Robert S. Strickle in Support of Petition,

1

2   ("Strickle Decl."), ¶ 3.] The IRS is conducting an investigation to determine Respondent's corporate

3   tax liabilities. The summons relates to the assessment of Respondent's corporate tax liabilities for tax

4   years 2007, 2008, and 2009. [Id. at ¶¶ 2-3.] On August 8, 2011, Revenue Officer Strickle served a

5   copy of the summons on Respondent by handing it to her. [Id. at ¶ 4.]

6         The summons ordered Respondent to appear before the IRS on August 31, 2011 at 10:00 a.m.

7   [Id. at ¶ 5.] On August 31, 2011, Respondent did not appear before the IRS as directed and did not

8   provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS

9   subsequently sent a letter to Respondent directing her to appear before the IRS on October 12, 2011.

10   [Id. at ¶ 6.] Respondent again failed to appear or provide any of the summonsed information or

11   payment. [Id. at ¶ 7.] To date, Respondent has not provided the IRS with the testimony and documents

12   requested by the summons. [Id. at ¶ 8.]

13         On February 8, 2012, the Government petitioned the Court to enforce the summons. On

14   February 24, 2012, the Court set a hearing date for this matter and ordered Respondent to show cause

15   why she should not be compelled to comply with the IRS summons. Respondent did not file a written

16   response to the order to show cause. On April 20, 2012, the Court held a hearing on the order to show

17   cause.

18   <center>DISCUSSION</center>

19         Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books,

20   papers, records, or other data which may be relevant or material" in connection with "ascertaining the

21   correctness of any return, making a return where none has been made, determining the liability of any

22   person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the

23   Secretary to issue summonses to compel persons in possession of such books, papers, records, or other

24   data to appear and produce the same and/or give testimony.

25         In order to obtain judicial enforcement of an IRS summons, the United States "must first

26   establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks

27   information relevant to that purpose; (3) seeks information that is not already within the IRS'

28   possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v.

United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Strickle's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation with respect to the determination of Respondent's corporate tax liabilities for the tax years 2007, 2008, and 2009. [Strickle Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summons was issued for a legitimate purpose. Second, Revenue Officer Strickle has declared in his affidavit that the information requested by the summons may be relevant to the IRS determination of Respondent's corporate tax liability. [Id. at ¶ 11.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 9.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 10.] Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summons is GRANTED. Respondent, Brenda Bladow, is directed to appear before IRS Revenue Officer Robert Strickle or a designee, on May 23, 2012, at 11:00 a.m., at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony as directed in the summons. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of such service shall be filed with

3

the Clerk of Court as soon as practicable.

<u>Respondent is hereby notified that failure to comply with this Order may subject her to sanctions for contempt of court.</u>

**IT IS SO ORDERED.**

DATED: April 23, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

4